IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY MENA,

    Petitioner,

v.                                                                              No. 2:24-cv-715 JB/KRS

UNITED STATES OF AMERICA,

    Respondent.

### ORDER GRANTING IN FORMA PAUPERIS MOTIONS AND TO CURE DEFICIENCIES

**THIS MATTER** is before the Court on Petitioner's Habeas Corpus Petition, (Doc. 1, "Petition") and Motions for Leave to Proceed Pursuant to 28 U.S.C. § 1915, (Docs. 2 and 4, "IFP Motions"). Petitioner is proceeding *pro se* and was incarcerated when he initiated this proceeding. Having reviewed the Petition, IFP Motions, and relevant law, the Court determines that the IFP Motions shall be granted and, if Petitioner wishes to pursue habeas relief, he must file an amended petition clarifying his habeas claims as set forth below.

Petitioner filed his claims using a 28 U.S.C. § 2254 form, which is the form used to challenge a state conviction or sentence. *See Sacoman v. Santistevan*, 2024 WL 2973707, at *1 (10th Cir. June 13, 2024) ("Section 2254 is the proper vehicle to challenge the validity of a state conviction and sentence … ."). However, Petitioner appears to challenge his federal proceedings. *See* (Doc. 1) at 1 (referring to Federal Case No. 24-mj-378). If Petitioner wishes to challenge a federal conviction or sentence, he should submit a completed petition under 28 U.S.C. § 2255, which the Court will provide. *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction

or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him … ."). The amended petition must identify the criminal case (or cases) to which his request for relief is addressed; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b). Petitioner must include the civil action number (24-cv-0715 JB/KRS) on all papers he files. Failure to timely file an amended Petition on the proper federal form will result in dismissal of this action without further notice.

In addition, it appears Petitioner has been released from custody and has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires. *See* D.N.M. LR-Civ. 83.6 ("All … parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses."). Accordingly, Plaintiff shall notify the Clerk in writing of his new address within thirty (30) days of entry of this Order.

**IT IS THEREFORE ORDERED** that Petitioner's Motions for Leave to Proceed Pursuant to 28 U.S.C. § 1915, (**Docs. 2 and 4**) are **GRANTED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall file a completed habeas petition on the proper form and the Clerk's Office shall mail Petitioner a blank 28 U.S.C. § 2255 habeas petition.

IT IS SO ORDERED this 3rd of October, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE