IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY MENA,

    Petitioner,

vs.                                                                                                             No. CIV 24-0715 JB/KRS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's failure to prosecute his Habas Corpus Petition, filed July 12, 2024 (Doc. 1)("Habeas Petition"). On October 3, 2025, the Court directs Petitioner Anthony Mena to file an amended petition clarifying his habeas claims. See Order to Cure Deficiency, filed October 3, 2025 (Doc. 5)("Cure Order"). Because Mena does not comply with or respond to the Cure Order, the Court dismisses this habeas case without prejudice.

## BACKGROUND

Mena is proceeding pro se and is incarcerated when he initiates this proceeding. See Habeas Petition at 2. Mena challenges his federal proceedings. See Habeas Petition at 1 (referring to USA v. Mena, No. CR 24-0378 JHR). The Court refers this matter to The Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed July 15, 2024 (Doc. 3). By an Order entered October 3, 2025, Magistrate Judge Sweazea directs Mena to file a completed habeas petition on the proper form within thirty days. See Cure Order at 2. The Cure Order warns that the failure timely to comply may result in this action's dismissal without further notice. See Cure Order at 2.

The deadline for Mena to file an amended petition is November 3, 2025. Mena does not comply, show cause for such failure, or otherwise respond to the Cure Order, which the United States Postal Services returns as undeliverable. See Returned Envelope from the United States District Court District of New Mexico Office of the Clerk to Otero County Prison Facility (posted October 16, 2025), filed October 15, 2025 (Doc. 6); Returned Envelope from the United States District Court District of New Mexico Office of the Clerk to Otero County Prison Facility (posted October 27, 2025), filed October 27, 2025 (Docs. 7). Mena does not advise the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. The Court therefore considers whether to dismiss this case for failure to prosecute and to comply with the Court's rules and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir.2002)). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments --[the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)).

As noted above, Mena does not file a habeas petition on the proper form as the Cure Order requires.  He also severs contact with the Court and does not provide an updated address, as D.N.M. LR-Civ. 83.6 requires.  In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute, and to comply with rules and orders.  See Olsen v. Mapes, 333 F.3d 1204.  After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the dismissal is without prejudice.  To the extent necessary, the Court also denies a Certificate of Appealability ("COA") under rule 11 of the Rules Governing

Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case is not reasonably debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may issue a COA in habeas cases only where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong"); DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)(declining to issue a COA after the district court dismisses the habeas petition under rule 41)[1].

**IT IS ORDERED** that: (i) the Petitioner's Habas Corpus Petition, filed July 12, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Court denies a Certificate of Appealability; and (iii) the Court enters a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Anthony Mena
Chaparral, New Mexico

    *Petitioner pro se*

---

[1] DeAtley v. Williams is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The United States Court of Appeals for the Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that DeAtley v. Williams, 782 F. App'x 736 (10th Cir. 2019) has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.